Shiva S. Davoudian, Bar No. 232771
sdavoudian@littler.com
Grace L. Waddell, Bar No. 327186
gwaddell@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile: 800.715.1330

Attorneys for Defendant
UTILITY TREE SERVICE, LLC

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| RAMON GONSALES, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>UTILITY TREE SERVICE, LLC, a Pennsylvania limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 26CU017215C<br><br>**DEFENDANT UTILITY TREE SERVICE, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>ASSIGNED FOR ALL PURPOSES TO HON. MATTHEW C. BRANER, DEPT. C-60<br><br>Trial Date: None Set<br>Complaint Filed: January 21, 2026 |

Defendant UTILITY TREE SERVICE, LLC ("Defendant"), hereby answers the Class Action Complaint ("Complaint") of Plaintiff RAMON GONSALES ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally and specifically denies each and every allegation in the Complaint. In addition, Defendant denies that Plaintiff or some or all of the putative class members have sustained or will sustain any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission of, or any other conduct or absence thereof on the part of the Defendant. Defendant further generally and specifically denies that Plaintiff and/or the putative class are entitled to any relief whatsoever.

Defendant's general denial is based on factual contentions which include, but are not limited to, the following: (1) That Defendant did not engage in a systematic pattern of wage and hour violations under the California Labor Code or Industrial Welfare Commission Wage Orders. Defendant's employees were (a) accurately paid for all time worked; (b) provided with compliant meal and rest periods; (c) provided with complete and accurate itemized wage statements; (d) reimbursed for all necessary business expenses; and (e) not injured or otherwise damaged by any of Defendant's alleged misconduct.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses, which apply to the claims of Plaintiff and some or all of the putative class members. By asserting these defenses, Defendant does not concede that it has the burden of proof as to any such defense. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pleaded in the alternative. Defendant does not presently know all the facts concerning the conduct of Plaintiff sufficient to state all defenses at this time. Defendant will seek leave of this Court to amend this answer should it later discover facts demonstrating the existence of additional defenses. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendant pleads as follows:

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**FIRST AFFIRMATIVE DEFENSE**

**(Waiver)**

1. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of waiver. During the relevant time period, Defendant maintained legally-compliant policies including but not limited to, payment of overtime wages at the regular rate, provision of meal and rest periods, payment of final wages upon separation, reimbursement of all necessary business expenses, and provision of accurate and itemized wage statements, among others. These policies were generally distributed to employees, including Plaintiff and Plaintiff generally acknowledged receipt of these policies. To the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely avail themselves of meal and rest periods that were provided and/or authorized and permitted by Defendant, Plaintiff and/or the putative class members Plaintiff seeks to represent waived their right to them and waived their right to seek relief. Further, to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent were permitted to review their records, including time and payroll records, for accuracy, Plaintiff and/or the putative class members Plaintiff seeks to represent also waived their right to challenge their accuracy in this proceeding. Also, to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely inform Defendant about alleged Labor Code violations in the workplace, if any, they also waived their right to seek recovery in this proceeding. Also, to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely inform Defendant about alleged unlawful conduct in the workplace, if any, they also waived the right to seek recovery in this proceeding. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense. This defense is being asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

2. As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of estoppel. During the relevant time period, Defendant maintained legally-compliant policies including but not limited to, payment of overtime wages at the regular rate, provision of meal and rest periods, payment of final wages upon separation, reimbursement of all necessary business expenses, and provision of accurate and itemized wage statements, among others. These policies were generally distributed to employees, including Plaintiff and Plaintiff generally acknowledged receipt of these policies. To the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely avail themselves of meal and rest periods that were provided and/or authorized and permitted by Defendant, Plaintiff and/or the putative class members Plaintiff seeks to represent waived their right to them and are estopped from seeking relief herein. Further, to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent were permitted to review their records, including time and payroll records, for accuracy, Plaintiff and/or the putative class members Plaintiff seeks to represent are also estopped from challenging their accuracy in this proceeding. Also, to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely inform Defendant about alleged Labor Code violations in the workplace, if any, they are also estopped from seeking recovery in this proceeding. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense. This defense is being asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

3. As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the equitable doctrine of laches. During the relevant

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

time period, Defendant maintained legally-compliant policies including but not limited to, payment of overtime wages at the regular rate, provision of meal and rest periods, payment of final wages upon separation, reimbursement of all necessary business expenses, and provision of accurate and itemized wage statements, among others. These policies were generally distributed to employees, including Plaintiff and Plaintiff generally acknowledged receipt of these policies. To the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely avail themselves of meal and rest periods that were provided and/or authorized and permitted by Defendant, Plaintiff and/or the putative class members Plaintiff seeks to represent are barred by the doctrine laches from seeking relief herein. Further, to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent were permitted to review their records, including time and payroll records, for accuracy, Plaintiff and/or the putative class members Plaintiff seeks to represent are also barred by the doctrine of laches from challenging their accuracy in this proceeding. Also, to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely inform Defendant about alleged Labor Code violations in the workplace, if any, they are barred from seeking recovery in this proceeding by the doctrine of laches. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense. This defense is being asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

**(Unclean Hands)**

4. As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands. During the relevant time period, Defendant maintained legally-compliant policies including but not limited to, payment of overtime wages at the regular rate, provision of meal and rest periods, payment of final wages upon separation, reimbursement of all necessary business expenses, and provision of accurate and itemized wage statements, among others. These policies were generally distributed to employees,

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

including Plaintiff and Plaintiff generally acknowledged receipt of these policies. To the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely avail themselves of meal and rest periods that were provided and/or authorized and permitted by Defendant, Plaintiff and/or the putative class members Plaintiff seeks to represent are barred by the doctrine of unclean hands from seeking relief herein. Further, to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent were permitted to review their records, including time and payroll records, for accuracy, Plaintiff and/or the putative class members Plaintiff seeks to represent are barred by the doctrine of unclean hands from challenging their accuracy in this proceeding. Also, to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely inform Defendant about alleged Labor Code violations in the workplace, if any, they are also barred by the doctrine of unclean hands from seeking recovery in this proceeding. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense. This defense is being asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

**(Consent)**

5. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of consent. During the relevant time period, Defendant maintained legally-compliant policies including but not limited to, payment of overtime wages at the regular rate, provision of meal and rest periods, payment of final wages upon separation, reimbursement of all necessary business expenses, and provision of accurate and itemized wage statements, among others. These policies were generally distributed to employees, including Plaintiff and Plaintiff generally acknowledged receipt of these policies. To the extent that Plaintiff failed to report any alleged discrimination, he is barred by the doctrine of consent from seeking relief herein. To the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely avail themselves of meal and rest periods that were provided and/or authorized and

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

permitted by Defendant, Plaintiff and/or the putative class members Plaintiff seeks to represent are barred by the doctrine of consent from seeking relief herein. Further, to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent were permitted to review their records, including time and payroll records, for accuracy, Plaintiff and/or the putative class members Plaintiff seeks to represent are barred by the doctrine of consent from seeking relief herein. Also, to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely inform Defendant about alleged Labor Code violations in the workplace, if any, they also waived their right to seek recovery in this proceeding. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense. This defense is being asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

6. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff and/or the putative class members he seeks to represent would be unjustly enriched if allowed to recover on the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

7. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred to the extent that Plaintiff seeks to recover for events taking place more than the time allowed by the applicable statutes of limitations, including, but not limited to, those set forth in California Code of Civil Procedure sections 335.1, 338(a), 339, 340(a), 343, Labor Code section 203, California Business and Professions Code section 17208, and any other applicable statute of limitation. This defense is being asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense.

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**EIGHTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

8. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, the Complaint, and the alleged cause of action therein, or some of them, are barred, or any recover should be reduced, pursuant to the avoidable consequences doctrine. Plaintiff and some, or all, of the putative class members that Plaintiff seeks to represent unreasonably failed to use the preventative and corrective opportunities provided to them by their employer or Defendant, and reasonable use of those procedures and/or exhaustion of appropriate internal remedies would have prevented at least some, if not all, of the harm that Plaintiff and some, or all, of the putative class members allegedly suffered.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

9. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, the Complaint, and the alleged causes of action therein, or some of them, are barred to the extent Plaintiff and/or putative class members that Plaintiff seeks to represent have failed to take reasonable steps to mitigate their damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

**(Offset or Credit)**

10. As a separate and distinct affirmative defense, Defendant alleges that assuming Plaintiff, and/or some or all of the putative class members, are entitled to any unpaid wages, Defendant is entitled to a credit or setoff, including, but not limited to, amounts paid to Plaintiff and/or some or all of the putative class members paid by their employer, including any amounts erroneously overpaid to Plaintiff, so as to prevent unjust enrichment.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Offset or Set-Off)**

11. As a separate and distinct affirmative defense, Defendant alleges that even if Plaintiff is entitled to any compensation as a result of the Complaint and each cause of action set forth therein, which Defendant denies, any such compensation must be setoff in an amount equal to the amount(s) recovered

by and/or previously paid to Plaintiff and/or the putative class members Plaintiff seeks to represent for the same or similar claims asserted in any related cases or charges, received fraudulently or inappropriately by Plaintiff and/or the putative class members Plaintiff seeks to represent as workers' compensation, disability or unemployment benefits, wages and/or other monies and/or benefits Plaintiff and/or the putative class members have received or will receive, so as to prevent unjust enrichment of Plaintiff and/or the putative class members. This defense is being asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction/Full Performance)**

12. As a separate and distinct affirmative defense, Defendant alleges that the claims asserted are barred to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent released the claims and damages sought and/or acknowledged an accord and satisfaction of any claim asserted in the Complaint. This defense is being asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Conduct By Others)**

13. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint cannot be maintained against Defendant because any alleged losses or harms sustained by Plaintiff and/or the putative class members Plaintiff seeks to represent, if any, which Defendant denies, resulted from causes other than any act or omission, if any, by Defendant. This defense is being asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Release)**

14. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and the alleged causes of action therein, or some of them, are barred to the extent that Plaintiff and/or the putative class that Plaintiff seeks to represent have released Defendant, directly or indirectly, from any liability

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

from the claims alleged in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Doctrine of Waiver and Release)**

15. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action and/or claim set forth therein are barred to the extent Plaintiff and/or putative class members he purports to represent have released Defendant, directly or indirectly, from any liability from the claims alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(*Res Judicata* and Collateral Estoppel)**

16. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and the cause of action alleged therein, is barred by the doctrines of collateral estoppel and/or *res judicata* to the extent that Plaintiff and some or all of the putative class members have litigated or will have litigated issues raised by the Complaint prior to adjudication of those issues in the instant action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Policy of Authorizing and Providing Meal and Rest Periods)**

17. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action alleged therein cannot be maintained against Defendant because as to its own employees, and those employees of staffing agencies working on its premises, Defendant had a policy of authorizing and providing meal and rest periods as required pursuant to Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Take Breaks Provided Under the Law)**

18. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action alleged therein, is barred because Plaintiff and/or the putative class members that Plaintiff

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

seeks to represent have no right to a premium payment under California Labor Code section 226.7 because, to the extent, if any, that Plaintiff or putative class members did not take any meal and/or rest break, the failure was because he/she: (1) failed to take breaks that were provided to him/her in compliance with California law; (2) chose not to take breaks that were authorized and permitted; or (3) waived his/her right to breaks under California Labor Code section 512(a).

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Willful or Intentional Failure to Pay)**

19. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff seeks to recover waiting time penalties from Defendant. Plaintiff and some, or all, of the putative class members that Plaintiff seeks to represent fail to state a claim for such penalties because, even assuming, arguendo, that Plaintiff and/or some or all of the putative class members are entitled to additional wages, Defendant acted in good faith and did not willfully or intentionally fail to pay any such additional compensation to Plaintiff and/or the putative class members who have never made a demand for such additional wages.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(*Bona Fide* Dispute)**

20. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and the alleged causes of action therein, or some of them, are barred because there exists a *bona fide* dispute as to whether further compensation is actually due to Plaintiff and some, or all, of the putative class members and, if so, as to the amount of such further compensation.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Waiting Time Penalties – Absent or Avoided Payment)**

21. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action contained therein, are barred because Plaintiff, some, or all of the putative class refused payment fully tendered by their employer or secreted or absented themselves to avoid payment of wages,

thereby relieving Defendant of liability for waiting time penalties under the Labor Code, including but not limited to sections 201, 202 and 203.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Conduct Not Knowing, Intentional or Willful)**

22. As a separate and distinct affirmative defense, Defendant alleges that, even if Plaintiff is entitled to any additional compensation, which Defendant denies, it has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or the putative class members Plaintiff seeks to represent to justify an award of penalties or fees, whether under California Labor Code section 203, California Labor Code section 226 or otherwise. This defense is being asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(*De Minimis*)**

23. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and some, or all, of the putative class members Plaintiff seeks to represent are barred from recovering under the Complaint to the extent any alleged unpaid work time or unpaid overtime was of a small irregular amount of time so as to be disregarded as *de minimis*. During the relevant time period, Defendant maintained legally-compliant policies including but not limited to, payment of overtime wages at the regular rate, provision of meal and rest periods, payment of final wages upon separation, reimbursement of necessary business expenses, and provision of accurate and itemized wage statements, among others. These policies were generally distributed to employees, including Plaintiff, and Plaintiff generally acknowledged receipt of these policies. Based on information and belief, and to the extent Plaintiff and/or the putative class members are seeking compensation for taking meal and rest breaks that were less than 30 minutes on an intermittent basis, or they performed negligible work-related activities pre or post shift which they did not record or report, and for which there are not accurate records, Defendant contends that they cannot assert these claims based on the de minimis doctrine. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense. This defense is being

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Wage Statements – Not Knowing and Intentional)**

24. As a separate and distinct affirmative defense, Defendant alleges that any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Plaintiff and/or the putative class members were not "injured" thereby and/or because their employer's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e). Further, Defendant cannot be liable for their employer's alleged failure to provide wage statements.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Wage Statements – Substantial Compliance)**

25. As a separate and distinct affirmative defense, Defendant alleges that any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Defendant substantially complied with all applicable laws, statutes, regulations, and applicable Wage Orders, and Defendant is not liable for any insubstantial noncompliance.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

26. As a separate and distinct affirmative defense, Defendant alleges that, even assuming, *arguendo*, Defendant failed to comply with any provision of the Labor Code, Defendant substantially complied with the law, thus rendering an award of civil penalties inappropriate under the circumstances.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Secreted or Absented)**

27. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims fail because Plaintiff, the putative class members, and/or the allegedly aggrieved employees Plaintiff seeks to represent for alleged failure to pay wages fail, in whole or in part, to the extent that Defendant did not reasonably know hours were worked by Plaintiff and/or the putative class members and/or the allegedly aggrieved employees Plaintiff seeks to represent, to the extent Plaintiff or the putative class members or the allegedly aggrieved employees Plaintiff seeks to represent deliberately prevented Defendant from

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

acquiring knowledge of the hours worked and/or to the extent Plaintiff and/or the putative class and/or the allegedly aggrieved employees he seeks to represent secreted or absented themselves to avoid payment of wages.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Plaintiff Not Suitable As Representative)**

28. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because Plaintiff is not an adequate and proper representative of any group of putative class members. Defendant is currently unaware of any facts that establish Plaintiff as an adequate or proper representative of the putative class members in this matter. Moreover, Defendant is informed and believes that Plaintiff does not have knowledge or experience as to policies, practices, or procedures of locations wherein they were not employed or regarding positions that they did not hold or interact with in the course of their employment. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Class Action – Standing)**

29. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff lacks standing to assert the legal rights or interests of others.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Unfair Business Practices Claim Violates Due Process)**

30. As a separate and distinct affirmative defense, Defendant alleges that the prosecution of this action under Business and Professions Code section 17200 *et seq*., as applied to the facts and circumstances of this case, constitutes a denial of due process rights under the fourteenth amendment to the United States Constitution and Article I, section 7 of the California Constitutions. That violation is both procedural, by imposing a procedure that would render it impossible for Defendant to defend its interests and property; and substantive, by imposing remedies constitutionally disproportionate to the wrongs committed. *See People ex rel Lockyer v. R.J. Reynolds Tobacco Company*, 37 Cal. 4th 707 (2005).

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Class Action Deficiencies)**

31. As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action set forth in the Complaint as a representative or class action, that this suit may not be properly maintained as a class action because: (a) Plaintiff has failed to plead, and cannot establish the necessary procedural elements for, such treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in Complaint; (c) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (d) Plaintiff's claims are not representative or typical of the claims of the putative group; (e) Plaintiff cannot fairly and adequately represent the interests of the purported class; (f) Plaintiff and putative class counsel are not adequate representatives for the alleged putative class; (g) class treatment is neither appropriate nor constitutional under the circumstances in this case; and/or (h) a well-defined community of interest in the questions of law and/or fact affecting Plaintiff and the members of the putative class does not exist.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Class Certification – Violation of Due Process)**

32. As a separate and distinct affirmative defense, Defendant alleges that: (1) certification of a class, and the adjudication of the claims of the putative class through generalized class-wide proof, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's rights to trial by jury and to substantive and procedural due process; (2) Plaintiff's Complaint and/or causes of action therein are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law; (3) to the extent Plaintiff seeks penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003) and *Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal. 4th 1159 (2005); and (4) prosecution of this action under California Business and Professions Code sections 17200, *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of due process rights under the United States and California Constitutions.

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No Irreparable Harm)**

33. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that the Complaint, and each and every cause of action therein, is barred in whole or in part, as Plaintiff, and/or some or all of the putative class members have not suffered and will not suffer irreparable harm because of any of the alleged conduct of Defendant, and on that basis there is no entitlement to injunctive or other relief.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Injunctive Relief Not Warranted)**

34. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for injunctive and other equitable relief in each cause of action are barred because Plaintiff, and some, or all, of the putative class members Plaintiff seeks to represent have an adequate remedy at law.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Unfair Business Practices – Lack of Standing)**

35. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class members Plaintiff seeks to represent suffered no cognizable injury under California Business and Professions Code section 17200 *et seq.* and therefore lacks standing to pursue a representative or class action thereunder

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Mootness)**

36. As a separate and distinct affirmative defense, Plaintiff's purported claim for alleged violations of California Business and Professions Code section 17200 *et seq.* is barred because, to the extent that Plaintiff's Complaint seeks to enjoin Defendant from engaging in "unfair" or otherwise "unlawful" business practices, if any, such claims are now moot because, assuming *arguendo* that Defendant engaged in such business practices, Defendant has since discontinued, modified, and/or corrected their policies and practices and they no longer engage in the alleged conduct.

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Class Action – No Damages)**

37. As a separate and distinct affirmative defense, this case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Injuries Not Proximately Caused By Uniform Practice Causing Harm)**

38. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that the Complaint, and the causes of action alleged therein, are barred to the extent that the alleged injuries of Plaintiff and some, or all, of the putative class members Plaintiff seeks to represent were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant. Plaintiff and/or some of the allegedly employees he seeks to represent were not employed by Defendant. During the relevant time period, Defendant maintained legally-compliant policies and practices and practices which included, but were not limited to, policies regarding prohibition of off-the-clock work, manner of payment of wages, timely payment of all wages earned, payment of overtime, and provisions of meal, rest, and recovery periods.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Penalties Unconstitutionally Excessive)**

39. As a separate and distinct affirmative defense, Defendant alleges that an award of civil penalties in this case would result in the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, and violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution. *See Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 433-434 (2001) (stating that the Due Process of the Fourteenth Amendment prohibits states from imposing grossly excessive punishments); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Angelucci v. Century Supper Club*, 41 Cal. 4th 160, 180 (2007) (recognizing the constitutional constraints on the accrual of multiple penalties); *People v.*

*R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707, 728-31 (2005) (finding that triable issues remained whether due process principles or the constitutional prohibition against excessive fines should reduce an accrued fine for ongoing violation of a statute); *Hale v. Morgan*, 22 Cal. 3d 388, 398-99 (1978) (constitutional provisions limited accrual of a $100 per day statutory penalty); *City of San Francisco v. Sainez,* 77 Cal. App. 4th 1302, 1321 (2000).

**FORTIETH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

40. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that if Plaintiff suffered any damages, as alleged in his Complaint, such damages were proximately or legally caused by the breach of duties and/or misconduct of Plaintiff and/or the putative class members Plaintiff seeks to represent and/or parties other than Defendant and, accordingly, any award of damages is severable and must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff, and/or the putative class members Plaintiff seeks to represent, other parties, and/or unauthorized individuals.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Acts or Omissions)**

41. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and the cause of action alleged therein, cannot be maintained against Defendant because the alleged losses or harms sustained, if any, resulted from the acts or omissions of Plaintiff, and/or some or all of putative class members.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Breach of Duties)**

42. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each purported cause of action therein, are barred, in whole or in part, because Plaintiff violated, at a minimum, his obligations as an employee under California Labor Code sections 2854 and/or 2856-2859. During the relevant time period, Defendant maintained legally-compliant policies including but not limited to, payment of overtime wages at the regular rate, provision of meal and rest periods, payment of





LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

final wages upon separation, reimbursement of necessary business expenses, and provision of accurate and itemized wage statements, among others. These policies were generally distributed to employees, including Plaintiff and Plaintiff generally acknowledged receipt of these policies. To the extent Plaintiff and/or the putative class members Plaintiff seeks to represent failed to timely inform Defendant about alleged Labor Code violations in the workplace, if any, they also waived their right to seek recovery in this proceeding. Defendant hereby reserves the right to amend/supplement this answer upon further investigation and discovery of facts supporting this defense. This defense is being asserted as a matter of right. Defendant believes discovery will establish facts to support this assertion.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Applicability To All Class members)**

43. As a separate and distinct affirmative defense without waiving Defendant's ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over Defendant's objections, Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Prejudgment Interest)**

44. As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(LMRA Preemption)**

45. As a separate and distinct defense, Defendant alleges that the Complaint, and each cause of action set forth therein, or some of them, are barred to the extent that they are preempted by section 301 of the Labor-Management Relations Act.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Collective Bargaining Agreement Overtime Exemption)**

46. As a separate and distinct defense to the Complaint and each cause of action set forth therein, or some of them, Defendant alleges that the hours of work and working conditions of Plaintiff

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

and/or members of the putative class Plaintiff purports to represent, or some of them, are subject to a collective bargaining agreement and, as such, Plaintiff or some of them, are exempt from the overtime provided under the California Labor Code and applicable Wage Order of the Industrial Welfare Commission.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Collective Bargaining Agreement Preemption)**

47. As a separate and distinct defense to the Complaint and each cause of action set forth therein, or some of them, Defendant alleges that the hours of work and working conditions of members of the putative class members Plaintiff purports to represent, or some of them, are subject to a collective bargaining agreement and, as such, the claims for overtime, and/or meal and rest periods are barred pursuant to the extent the applicable exceptions contained in California Labor Code section 514, Wage Order 16 section 3(H), Wage Order 16 section 5(C)-(D), California Labor Code section 510(b), Wage Order 16 sections 10(E)-(F) and 11(D)-(E), and/or California Labor Code section 512(e). Defendant reserves the right to further amend this distinct defense as Plaintiff provides factual background for the Complaint or clarification of allegations.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Meal Period Preemption)**

48. As a separate and distinct defense to the Complaint and each cause of action set forth therein, or some of them, Defendant alleges that the meal period claim of Plaintiff and the putative class members Plaintiff seeks to represent is barred, in whole or in part, by Labor Code § 512 (e)-(g) and Wage Order 16-2001, 10(E), which excludes Plaintiff and all similarly situated employees from the meal period requirements of Labor Code § 512 (a) and/or the Wage Orders.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

**(Failure to Comply With Collective Bargaining Agreement)**

49. As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action alleged therein, or some of them, are barred as a result of the failure of Plaintiff and/or the putative class members to exhaust their administrative remedies under any applicable collective bargaining

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

agreement.

**FIFTIETH AFFIRMATIVE DEFENSE**

**(CBA – Arbitration Agreement)**

50. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each and every cause of action alleged therein, fails, in whole or in part, as to Plaintiff and/or some or all of the putative class members Plaintiff seeks to represent because some or all are subject to a collective bargaining agreement that requires some or all of the putative class members Plaintiff seeks to represent to submit certain or all claims against Defendants to binding arbitration, and, therefore, their exclusive remedy is through final and binding arbitration.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

**(CBA – Failure to Exhaust)**

51. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each and every cause of action alleged therein, fails, in whole or in part, as to Plaintiff and some or all of the putative class members' Plaintiff seeks to represent due to failure to exhaust their administrative and internal remedies, including, without limitation, the grievance procedures set forth in the applicable CBA.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

**(CBA – Breach of Contract)**

52. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each and every cause of action alleged therein, fails, in whole or in part, as to Plaintiff and/or some or all of the putative class members Plaintiff seeks to represent because some or all breached their contract with Defendants by failing to resolve the claims alleged in the above-captioned lawsuit through the grievance procedure set forth in the applicable CBA.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

**(Liquidated Damages)**

53. As a separate and distinct affirmative defense, Defendant alleges the Complaint, and each cause of action alleged therein, fails to state a claim for an award of liquidated damages, costs, or attorneys' fees under California Labor Code sections 218.5, 226, 1194, 1194.2(a), and 2698 *et seq.*, Code of Civil Procedure section 1021.5, California Business and Professions Code section 17200, et seq., or any other

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

basis.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

**(Did Not Act Jointly)**

54. As a separate and distinct affirmative defense, Defendant alleges that at all times relevant it did not act jointly, in concert nor conspire with, and/or ratify the acts of, or carry out any joint scheme, business plan or policy with, any third parties, including any other DOE defendants, to cause damages, if any, to Plaintiff, the putative class members, and/or the allegedly aggrieved employees Plaintiff seeks to represent, and are not an alter ego, agent, or employee of, or joint employer with, any other DOE defendants or third party.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Reason to Know of Expenses)**

55. As a separate and distinct affirmative defense, Defendant alleges that any claim for damages pursuant to Labor Code section 2802 is barred, in whole or in part, because Defendant did not know, and had no reason to know, of any unreimbursed expenses claimed.

**RESERVATION OF RIGHT TO AMEND TO ADD ADDITIONAL DEFENSES**

**(Reservation of Rights)**

Defendant does not presently know of all facts concerning the conduct of Plaintiff or the putative class he seeks to represent sufficient to state all affirmative defenses at this time. Defendant expressly reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendant prays that:

1. The Court dismiss Plaintiff's Complaint in its entirety with prejudice;

2. Plaintiff take nothing by this action;

3. The Court award Defendant its costs and attorneys' fees incurred herein; and

/ / /

/ / /

/ / /

/ / /

4. The Court award Defendant such other and further relief as the Court deems just and proper.

Dated: April 24, 2026

LITTLER MENDELSON, P.C.

/s/ Shiva Shirazi Davoudian

Shiva S. Davoudian
Grace L. Waddell

Attorneys for Defendant
UTILITY TREE SERVICE, LLC

4915-6915-9845.1 / 100715.1074

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 633 West 5th Street, 63rd Floor, Los Angeles, California 90071. On April 24, 2026, I served the within document(s):

**DEFENDANT UTILITY TREE SERVICE, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

☒ **By electronic service.** I caused said document(s) to be delivered electronically to the addressee(s) identified below with an e-mail address pursuant to Cal. Code Civ. Proc. § 1013(g). My email address is laispuro@littler.com

Arby Aiwazian
Lina Yaghoubi
Brittany Shaw Carter
Tara Zabehi
Cindi Vega
Brandon Washington
LAWYERS for JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203
Tel: (818) 265-1020
Fax:(818)265-1021
Email:
aa@calljustice.com;
l.yaghoubi@calljustice.com;
brittany@calljustice.com;
tara@calljustice.com; cindi@calljustice.com;
b.washington@calljustice.com;

*Attorneys for Plaintiff, Ramon Gonzales*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 24, 2026, at Los Angeles, California.

*/s/ Laura Aispuro*
Laura Aispuro